UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In Re:

RAYMOND MARC GUILLAUME, JR.,         Chapter 11
d/b/a DWP TRANSLATION SERVICES,    Case No. 10-51417-jbr

                            Debtor.
----------------------------------------------------------x

## DECISION AND ORDER REGARDING DEBTOR'S OBJECTION
## TO CLAIM 10-1 (Docket # 138)

BAC Home Loan Servicing, LP on ("BAC") filed a proof of claim as a secured claim in the total amount of $150,375.16, denominated as Proof of Claim 10-1 (the "Claim"). Debtor filed an application for an order seeking to expunge and disallow the Claim (the "Objection").(Docket #138) BAC filed an affirmation in Opposition (Docket # 148), a Memorandum of Law in support of its Opposition (Docket #149), and an Affidavit of Lorena Diaz, an Assistant Vice President of Operations for Bank of America as successor by merger to BAC (Docket #150)(collectively, the "Opposition"). A hearing on the Objection and Opposition was held (the "Hearing"). The Court heard arguments from both Debtor's counsel and BAC's counsel. The Court took the matter under submission.

The Debtor asserts that "the Assignment of Mortgage to BAC, dated March 14, 2011, occurred after" the petition date and was therefore a violation of Section 549 of the Bankruptcy Code "as a voidable transfer because the assignment was an attempt to perfect a lien after the commencement of the case." (Docket #138 ¶28) Section 549 allows the trustee to "avoid a transfer of property of the estate." 11 U.S.C. § 549. The assignment of the mortgage is not a violation of Section 549 as the mortgage and note are

not property of the estate. The lien was perfected when the mortgage was recorded, and therefore Section 549 does not apply.

Debtor also asserts that "the Assignment of Mortgage to BAC, dated March 14, 2011, occurred after" the petition date and was therefore a violation of Section 362(a)(4)("an attempt to create, perfect or enforce a lien against property of the estate after the filing of the case"), and (a)(5)(" an attempt to create, perfect or enforce a lien against property of Debtor, based upon an alleged claim that arose before the filing of this case"). (Docket #138 ¶¶29-30)  At the Hearing, Debtor's counsel also asserted violations of Section 362(a)(3) and (a)(6). The Court finds that the assignment of a mortgage and note does not fall under the purview of Section 362 of the Bankruptcy Code.

Finally, Debtor questions the veracity of the assignment of the mortgage to BAC due to the different venue states of the assignor, assignee and the acknowledgement location of the Notary Public. (Docket #138 ¶30)   The Court finds that BAC's counsel adequately explained the different venues, and therefore does not find the assignment of the mortgage questionable.

For these reasons, it is hereby

ORDERED, that Objection to Claim 10-1 (Docket #138) is overruled and the Claim is allowed.



Dated: November 16, 2011
Brooklyn, New York

Joel B. Rosenthal
United States Bankruptcy Judge