UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

Raymond Marc Guillaume, Jr.
d/b/a DWP Translation Services,

                   Debtor.
------------------------------------------------------------x

Chapter 11

Case No. 10-51417-jbr

### DECISION AND ORDER REGARDING OBJECTION TO CLAIM 15-1 (Docket # 140)

Tall Pines, LLC ("Creditor") filed an unliquidated, disputed proof of claim in the amount of $96,469.06 (Claim 15-1) arising from Raymond Marc Guillaume, Jr.'s ("Debtor") alleged breach of two contracts for the purchase of real estate in Georgia ("Real Estate Contracts"). Debtor filed a motion ("Motion") objecting to Claim 15-1 (Docket # 140), to which Creditor filed a response (Docket # 147). At a hearing on the Motion, Debtor and Creditor agreed to the Court estimating Claim 15-1 pursuant to 11 U.S.C. § 502(c). The Court directed Debtor and Creditor to file any supporting documentation they wished by February 1, 2012 (Docket # 213), and Creditor timely filed a supplemental brief (Docket # 241). For the reasons set forth below, the Court finds Claim 15-1 should be estimated at $10,500.

Three components comprise Claim 15-1─a breach of contract claim for $10,500; a punitive damages claim based on Debtor's alleged fraud for $40,500; and attorney's fees claim related to the alleged fraud claim for $54,469.06. Based on the Court's reading of Claim 15-1, Docket #147, and Docket # 241, Creditor is not seeking consequential damages that resulted from Debtor's breach of the Real Estate Contracts. Thus, the Court has not taken consequential damages into account in estimating the amount of Claim 15-1.

As to the first component, the Court finds Creditor has sufficiently demonstrated the amount owed on the breach of contract claim is $10,500. Pursuant to the terms of the Real Estate

Contracts, Debtor agreed to pay Creditor $6,750 as earnest money under each of the Real Estate Contracts. However, Debtor paid only $3,000 of the $13,500 earnest money due, leaving a balance due of $10,500.

     As to the fraud claim, the Court finds Creditor has not satisfied its burden to show fraud or provided sufficient justification for either punitive damages or attorney's fees. Both the amended complaint (attached to Claim 15-1) and depositions (Docket # 147, Exhs. C, D) focus more on the conduct of the other parties involved rather than the Debtor's alleged conduct, and are light on attribution of that conduct to the Debtor. The standard for proving fraud is high and conclusory comments made by Creditor in its filings do not, in this Court's view, rise to the level of proof that is required. Creditor has not provided a sufficiently clear record to allow this Court to estimate a punitive damages claim and an attorney's fees claim based on the alleged fraud committed by Debtor.

     The Court notes these are not findings of facts or conclusions of law of a trial, but is an estimation of Claim 15-1 pursuant to 11 U.S.C. § 502(c).

     Therefore, for these reasons, the Court estimates the Creditors claim, pursuant to 11 U.S.C. § 502(c), at $10,500.

SO ORDERED.



Dated: February 8, 2012  
      Brooklyn, New York

_Joel B. Rosenthal_  
     Joel B. Rosenthal  
     United States Bankruptcy Judge